## PEOPLE v. MAYER.

(Supreme Court, Special Term, New York County. December 28, 1908.)

1. CRIMINAL LAW (§ 1073*)—APPEAL—CERTIFICATE OF REASONABLE DOUBT.

A charge, given after the jury had stated that they could not agree, that they had heard all the evidence, and the question was whether accused was or was not guilty, and there was no reason why they could not agree except through sympathy or an improper motive, was erroneous, as tending to coerce the jury so as to justify the issuance of a certificate of reasonable doubt by the Supreme Court.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1073.*]

2. CRIMINAL LAW (§ 865*)—VERDICT—VOLUNTARY VERDICT—COERCION OF JURY.

The public interest never requires that a jury be coerced into rendering a verdict, and a threatened imputation of improper motive by the trial court if the jury do not agree impairs their freedom of action so as to raise a reasonable doubt whether a verdict of guilty thereafter rendered was voluntary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2069; Dec. Dig. § 865.*]

3. CRIMINAL LAW (§ 865*)—APPEAL—INSTRUCTIONS—OPERATION—ERROR CURED BY OFFER TO INSTRUCT—CERTIFICATE OF REASONABLE DOUBT.

Error in telling the jury, after they had stated that they could not agree, that there was no reason why they could not agree unless they were influenced by improper motives, to which charge accused excepted, was not cured by the court's subsequent offer to recall the jury, so as to obviate the issuance of a certificate of reasonable doubt by the Supreme Court, where the court denied making the charge excepted to; accused being entitled to rely on his exception.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 865.*]

Albert Mayer was convicted of a crime, and he moves in the Supreme Court for a certificate of reasonable doubt. Motion granted.

Robert S. Johnstone, Deputy Dist. Atty., for the People.

Fischer-Hansen & Michaelson, for defendant.

SEABURY, J. This is an application for a certificate of reasonable doubt. After the jury had retired, they returned to have a part of the testimony read to them and again retired. Subsequently they notified the court "that there is no possible chance of this jury coming to an agreement." In response to this notice, the court informed them that it was "very doubtful of the truth of that statement, though the man who wrote it believed it, of course." The court then informed them that "it is not for the public interest that this case should be tried again."

The court also charged the jury as follows:

"You have heard all the evidence in this case and the question is, Is the defendant guilty or not guilty on the evidence? and there is no reason within my view except through sympathy or an improper motive of some kind, irrespective of the evidence, why the jurors cannot agree."

An exception was duly noted to this part of the charge. The charge was certainly erroneous, and, I think, tended to coerce the jury into finding a verdict. Jurors have a right to disagree. When, after a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury announce that they cannot agree, the court tells them that in his view there is no reason why they cannot agree except through sympathy or improper motives, and the jury then return a verdict of guilty, a reasonable doubt arises as to whether the verdict was voluntary or the result of coercion. The public interests never require that a jury shall be coerced to an agreement upon a verdict. When a judge threatens a jury with the imputation of an improper motive if they do not agree, he impairs their freedom of action.

In 16 Am. & Eng. Encyc. of Law, p. 522 (1st Ed.), it is said that:

"Language on the part of the court the obvious tendency of which is to coerce an agreement on the part of the jury affords ground for a new trial. To insist too strenuously upon the necessity of an agreement may have such effect."

In view of the opinion of Chief Judge Parker in People v. Sheldon, 156 N. Y. 268, 50 N. E. 840, 41 L. R. A. 644, 66 Am. St. Rep. 564, any further reference to the authorities is unnecessary. It is urged that, if the charge of the court was erroneous, the error was cured by the fact that, when the exception was taken, the court offered to recall the jury. While it is true that the court did offer to recall the jury, the defendant's counsel was justified in relying upon his exception in view of the fact that the court denied making the charge to which exception was taken. If the learned court was under the impression that it had not charged in the manner stated, there could be no purpose in recalling the jury.

Motion granted. Settle order on notice.